ESTATE OF A. GOURIELLI, DECEASED, THE HANOVER BANK, EXECUTOR, AND HELENA GOURIELLI, SURVIVING WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 68443.   Filed November 30, 1959.

*David Alter, Esq.,* and *Hubert Thurschwell, Esq.,* for the petitioners.

*John J. Madden, Esq.,* and *William F. Chapman, Esq.,* for the respondent.

358

OPINION.

MURDOCK, *Judge:* Section 125 entitled "AMORTIZABLE BOND PREMIUM" allows deductions through amortization of premiums paid on bonds, the interest of which is wholly taxable. The amortizable premium here is the excess of the cost over "the amount payable on maturity or on earlier call date," here on a call date long prior to maturity. The cost of these bonds subject to amortization is stipulated, the total cost of the bonds, including commissions paid at that time. The parties disagree only as to the amount by which these

bonds can be amortized, the amount payable on a call date prior to maturity. They were actually sold at a profit since the basis was reduced by the amortization allowed, although they were sold for less than their original cost. The attraction presumably of the petitioners' investment in these Appalachian bonds was to obtain short-term capital gains to offset already realized short-term capital losses.

The question is—which of two redemption prices, each exercisable on the same call date, is to be used in computing a deduction for amortization of bond premiums. That question is not recognized or dealt with directly in section 125, its legislative history, or the regulations. The Commissioner has allowed amortization of the bond premiums to the extent that the cost exceeds the "regular redemption" price. He not only does not argue that he was wrong in allowing that amount to be amortized but he affirmatively contends that the deduction of the excess of cost over the "regular redemption" price is proper. Cf. *Commissioner* v. *Korell*, 339 U.S. 619. He disallowed as a deduction the difference between the higher "regular" and the lower "special redemption" prices, and he contends that that disallowance was proper. However, he makes no argument in his briefs against the amortization of the excess of the cost over the "special redemption" price that is persuasive or that would not apply as well to the amortization which he has allowed. The petitioners have failed to advance any adequate reason for amortizing the difference between cost and the "special redemption" price. In other words, neither party has supported its contention by a persuasive argument. The Tax Court has no justification for changing the Commissioner's determination since it is presumed to be correct and the burden of proving otherwise is upon the petitioners.

The Court is not persuaded that these petitioners, who held these bonds for only 35 days, are entitled under this regulation to deduct the difference between cost and the "special redemption" price.[1] In fact, the record shows that except for an unsubstantial portion, the bonds could not have been redeemed at the "special redemption" price at any time while petitioners owned them. The presumption of correctness attaching to the determination of the Commissioner is not a very satisfactory basis on which to rest a decision, but there is nothing factually or legally beneficial to petitioners in this case upon which a decision in their favor can be rendered.

*Decision will be entered for the respondent.*

---

[1] Section 125 seems to make available a tax advantage through long-term capital gains and the benefit demonstrated by the present case of offsetting capital losses, although neither possibility is mentioned in the legislative history or in the Regulations. See, in this connection, Regs. 118, sec. 39.125(b)–2.